26

DET020931

## IN THE U.S. DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

NEW JERUSALEM DELIVERANCE CHURCH,
Plaintiff,

v.

THOMAS RABETTE, in his official and individual capacity;
MICHAEL J. BOUCHARD, in his official and individual capacity;
OAKLAND COUNTY (MICHIGAN); and
EVANGELICAL CHRISTIAN CREDIT UNION,
Defendants.

Case:2:10-cv-12566
Judge: Cleland, Robert H
MJ: Majzoub, Mona K
Filed: 06-29-2010 At 03:54 PM
CMP NEW JERUSALEM DELIVERNACE CHURC
H V. RABETTE ET AL (DA)

### Complaint with Request for Jury Trial

The Plaintiff, NEW JERUSALEM DELIVERANCE CHURCH, hereby request a jury

trial for primary issues that pertain to federal questions under the jurisdiction of this court and

pendent jurisdiction over related state-court claims.  Plaintiff reserves the right to seek leave to

amend this complaint if additional parties and claims are discovered.

Jurisdiction & Parties:

1. This complaint is based upon questions of federal law that include, but are not limited to,

   Deprivation of Civil Rights under Color of Law, 42 U.S.C. §1983.

2. Plaintiff NEW JERUSALEM DELIVERANCE CHURCH is a Michigan domestic

   nonprofit corporation with the assumed name "Life Worship and Training Center".  The

   physical location for the religious organization is 830 Auburn Road, Pontiac, Michigan in

   Oakland County.

3. Plaintiff NEW JERUSALEM DELIVERANCE CHURCH owns the disputed real estate

   located at 830 Auburn Road in Pontiac, Oakland County, Michigan by virtue of a

warranty deed conveyed on September 3, 1996 and recorded in the Oakland County

Register of Deeds at Liber 20835 and Page 679.  A copy of said warranty deed is attached

as **Exhibit A**.

4.  Defendant THOMAS RABETTE is a part-time marine special deputy for the Oakland

County Sheriff's Office and is being sued in his official and individual capacities.

5.  Defendant MICHAEL J. BOUCHARD is Sheriff of Oakland County and is being sued in

his official and individual capacities.

6.  Defendant OAKLAND COUNTY (Michigan) is the legal entity subject to suit for actions

involving departments such as the Oakland County Sheriff's Office.

7.  Defendant EVANGELICAL CHRISTIAN CREDIT UNION, hereafter referred to as

ECCU, is a federally-insured, non-federal credit union that is chartered in California.


Count One: Deprivation of Civil Rights Under Color of Law

8.  Plaintiff re-alleges each and every allegation contained in paragraphs 1-7, inclusive, of its

Complaint as though completely set forth herein.

9.  On December 29, 2009, Defendant THOMAS RABETTE conducted a sheriff sale of the

property belonging to Plaintiff NEW JERUSALEM DELIVERANCE CHURCH.

10. On December 29, 2009, for consideration of $2,627,063.30, Defendant THOMAS

RABETTE, executed a sheriff deed for the disputed property to Evangelical Christian

Credit Union.  This sheriff deed was recorded in the Oakland County Register of Deeds

on January 19, 2010 at Liber 41779 and Page 454.  A copy of the sheriff deed is attached

as **Exhibit B**.

11. In Michigan's Foreclosure of Mortgages by Advertisement statutes, MCL 600.3216 states, "The sale shall be at public sale, between the hour of 9 o'clock in the forenoon and 4 o'clock in the afternoon, at the place of holding the circuit court within the county in which the premises to be sold, or some part of them, are situated, and shall be made by the person appointed for that purpose in the mortgage, or by **the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder**." [Emphasis added.]

12. MCL 600.3232 states that the person conducting the sheriff sale must sign the sheriff deed.  Specifically, it states, "**The officer or person making the sale shall forthwith execute, acknowledge, and deliver, to each purchaser a deed of the premises bid off by him**; and if the lands are situated in several counties he shall make separate deeds of the lands in each county, and specify therein the precise amounts for which each parcel of land therein described was sold. And he shall endorse upon each deed the time when the same will become operative in case the premises are not redeemed according to law. Such deed or deeds shall, as soon as practicable, and within 20 days after such sale, be deposited with the register of deeds of the county in which the land therein described is situated, and the register shall endorse thereon the time the same was received, and for the better preservation thereof, shall record the same at length in a book to be provided in his office for that purpose; and shall index the same in the regular index of deeds, and the fee for recording the same shall be included among the other costs and expenses allowed by law. In case such premises shall be redeemed, the register of deeds shall, at the time of destroying such deed, as provided in section 3244 of this chapter, write on the face of such record the word "Redeemed", stating at what date such entry is made, and signing such entry with his official signature." [Emphasis added.]

13. On the notarized sheriff deed and in the affidavit of auctioneer, Defendant THOMAS RABETTE swears and deposes that he is a deputy sheriff with the Oakland County Sheriff's Office.

14. According to his appointment of December 29, 2008 by Oakland County Sheriff, Michael J. Bouchard, Defendant THOMAS RABETTE is a not a deputy sheriff but is a special deputy sheriff in the position of PART TIME MARINE DEPUTY for the term ending December 31, 2012. This appointment of special deputy sheriff enumerates the Defendant's law enforcement authority as follows: To detect and prevent crimes and enforce Marine Unit related statutes while "on duty" as prescribed by the Lieutenant of the Unit and approved by the Sheriff. Limited powers of arrest and C.C.W. authority "to and from" and "during" work assignments while in uniform. The special deputy appointment of Defendant THOMAS RABETTE is attached as **Exhibit C**.

15. On December 29, 2008, as part of his appointment as special deputy, Defendant THOMAS RABETTE signed before a notary an Understanding of Authority that states, "I fully understand that as a Special Deputy Sheriff, my authority extends only to those acts which the Sheriff has authorized me to perform by this instrument." (A copy of the Understanding of Authority is attached as Exhibit C.)

16. The December 29, 2008 appointment and understanding of authority do not bear the stamp of the county clerk to reflect the filing date.

17. MCL 51.70 requires that special deputy appointments be in writing and filed with the county clerk. Specifically, the statute states, "Each sheriff may appoint 1 or more deputy sheriffs at the sheriff's pleasure, and may revoke those appointments at any time. **Persons may also be deputed by a sheriff, by an instrument in writing, to do particular acts,**

**who shall be known as special deputies** and each sheriff may revoke those appointments at any time. A sheriff shall not be responsible for the acts, defaults, and misconduct in office of a deputy sheriff. The appointed deputy or deputies, other than special deputies, before entering upon the duties of office shall execute and file with the county clerk an official bond running to the people of this state in the amount of at least $2,500.00, if the county board of commissioners determines an individual bond is necessary, which bond shall be conditioned in the same manner as the bond required of the sheriff, and with sufficient sureties as the presiding judge of the circuit court for the county approves. A county by resolution of its county board of commissioners may pay premiums on the individual bond running to the people of this state in the amount of at least $2,500.00 as prescribed by the county board of commissioners. A bond required by this section shall be conditioned in the same manner as the bond required for the sheriff and have sufficient sureties." [Emphasis added.]

18. The special deputy appointment of Defendant THOMAS RABETTE restricts the Defendant's authority to marine law enforcement, commonly understood to be restricted to law enforcement activities on waters such as lakes, rivers, and streams.

19. By conducting sheriff sales, on land, at the county courthouse and by executing sheriff deeds, on land, at the county register of deeds, Defendant THOMAS RABETTE acted outside of his marine law enforcement authority enumerated in his special deputy appointment.

20. Because Defendant THOMAS RABETTE acted outside of his authority in conducting the sheriff sale and executing the sheriff deed, the sheriff deed is invalid and void.

21. Pursuant to MCL 600.3216, deputy sheriffs have the statutory authority to conduct sheriff sales.  Hence, by concealing his true job title as special deputy, Defendant THOMAS RABETTE misrepresented that he had apparent authority to conduct sheriff sales and execute sheriff deeds.

22. By acting outside of his authority, Defendant THOMAS RABETTE executed sheriff deeds in the capacity of a civilian employee of the Oakland County Sheriff's Office.

23. By acting outside of his special deputy authority in executing a sheriff deed, Defendant THOMAS RABETTE engaged in state action that violated Plaintiff's property rights under color of law.

24. Defendant MICHAEL J. BOUCHARD, as sheriff of Oakland County, knew or should have known that he did not appoint Defendant THOMAS RABETTE the special deputy authority to conduct sheriff sales and execute sheriff deeds.

25. Defendant MICHAEL J. BOUCHARD, as sheriff of Oakland County, should have appointed, sworn, and bonded deputy sheriffs to conduct the sheriff sales and should have trained such deputies regarding the acts that constitute full compliance with Michigan's foreclosure by advertisement statutes.

26. By custom, usage, policy statement, ordinance, regulation, some other decision, or acquiescence, Defendant MICHAEL J. BOUCHARD, as sheriff of Oakland County, permitted improperly appointed special deputies/civilian employees to conduct sheriff sales in contravention of Michigan foreclosure by statute laws.

27. By custom, usage, policy statement, ordinance, regulation, some other decision, or acquiescence, Defendant MICHAEL J. BOUCHARD, as sheriff of Oakland County,

permitted improperly appointed special deputies/civilian employees to fraudulently

conceal the employees' true job title from the content of the sheriff deed.

28. Defendant MICHAEL J. BOUCHARD, as sheriff of Oakland County, is vicariously

liable for the acts and omissions of his civilian employees/improperly appointed special

deputies.

29. By custom, usage, policy statement, ordinance, regulation, contract, some other decision,

or acquiescence, Defendant OAKLAND COUNTY permitted Defendant MICHAEL J.

BOUCHARD to conduct sheriff sales in a manner that violated Michigan law.

30. Defendant OAKLAND COUNTY is liable for the unlawful and unauthorized acts of

"special deputies" or civilian employees acting in contravention of the requirements of

the foreclosure by advertisement statutes.

31. By virtue of the long-standing practice of having civilian employees/special deputies

issue invalid sheriff deeds, Defendants MICHAEL J. BOUCHARD and OAKLAND

COUNTY have committed slander of title and conversion in deprivation of Plaintiff's

civil rights under color of law, in violation of 42 U.S.C. 1983.

32. The sheriff deed and affidavit of auctioneer were drafted by Attorney Bradley J. Fisher of

Scholten & Fant, representing Defendant EVANGELICAL CHRISTIAN CREDIT

UNION (ECCU).

33. By simply reading the proposed sheriff deeds drafted by the credit union's attorney,

Defendants OAKLAND COUNTY, MICHAEL J. BOUCHARD, and THOMAS

RABETTE knew or should have known that the proposed sheriff deed contained false

and misleading statements regarding the deputy sheriff job title and apparent authority.

34. Defendants OAKLAND COUNTY and MICHAEL J. BOUCHARD had knowledge of and consented/acquiesced to or permitted Defendant THOMAS RABETTE to execute sheriff deeds that contained the fraudulent misrepresentation regarding the deputy sheriff job title and apparent authority.

35. Defendants OAKLAND COUNTY, MICHAEL J. BOUCHARD, and THOMAS RABETTE were grossly negligent in executing or permitting to be executed sheriff deeds that contained the false and misleading statements regarding the deputy sheriff job title and apparent authority, in fraudulent concealment of the fact that special deputies/civilian employees were conducting sheriff sales in contravention of the Michigan statutes.

36. Because Defendant THOMAS RABETTE is a special deputy/civilian employee rather than a deputy sheriff, then Defendants OAKLAND COUNTY and MICHAEL J. BOUCHARD are liable for Defendant THOMAS RABETTE's acts and defaults via the doctrine of respondeat superior and vicarious liability, MCL 51.70, and _Monell v. Dept. of Social Services_, 436 U.S. 658 (1978).

37. The sheriff deed containing the false and misleading statement that the person conducting the sheriff sale and executing the sheriff deed is a deputy sheriffsbecame the proximate cause of Plaintiff losing title to the property.

38. Plaintiff alleges that even though the church still possess the disputed property, it has been harmed by the defective sheriff deed because it poses a cloud on the title that has the following effect that include, but are not limited to:

    a.  Prejudicing sale/short sale of the property.

    b.  Putting Plaintiff at risk of eviction by Defendant ECCU.

    c.  Putting the property at risk of being assessed property taxes.

39. The Michigan foreclosure by advertisement statutes, MCL 600.3201 et seq., attempt to give property owners constitutional protection.  By circumventing the foreclosure by advertisement statutes, Defendants OAKLAND COUNTY, MICHALE J. BOUCHARD, and THOMAS RABETTE violated Plaintiff's property, due process, protection from unreasonable seizure, and equal protection rights as guaranteed by the Michigan and United States Constitutions.

40. Wherefore, Plaintiff request that this Court enters judgment and orders that the Defendants THOMAS RABETTE, MICHAEL J. BOUCHARD, and OAKLAND COUNTY:

   a. Are jointly and severally liable for actual, compensatory, special, consequential, and other damages that include costs and attorney's fees in state and other federal courts, such damages and costs totaling in excess of $2,627,063.30;

   b. Their acts are declared unlawful;

   c. They are enjoined from committing similar acts in the future;

   d. They are mandated to explain the errors that arose from the void sheriff sales to credit reporting agencies; and

   e. Whatever other relief the court deems just.

Count Two: Quiet Title

41. Plaintiff re-alleges each and every allegation contained in paragraphs 1-40, inclusive, of its Complaint as though completely set forth herein.

42. Defendant EVANGELICAL CHRISTIAN CREDIT UNION (ECCU) is the grantee of the invalid sheriff sale described in Count One.

43. Counsel for Defendant ECCU, Bradley J. Fisher of Scholten Fant, prepared the proposed sheriff deed that contained the misrepresentation regarding the auctioneer's true job title and apparent authority.

44. After June 29, 2010, the expiration of the redemption period, Defendant ECCU may putative exercise ownership rights which include, but are not limited to, the following: Renting the disputed property back to the Plaintiff, evicting the Plaintiff, or selling the property.

45. Service of this complaint constitutes notice that the person conducting the sheriff sale and executing the sheriff deed was not acting within his authority, therefore, any action by Defendant ECCU or its counsel to exercises ownership rights pursuant to its counsel's misrepresentation constitutes a knowing misrepresentation and violation of Michigan's Rules of Professional Conduct for attorneys.

46. Wherefore, based upon the defects in the sheriff deed that are herein detailed in Count One, Plaintiff requests that this Court enter judgment and orders that:

    a. The sheriff deed be set aside.

    b. Title quieted in the name of the Plaintiff, New Jerusalem Deliverance Church.

    c. Defendant EVANGELICAL CHRISTIAN CREDIT UNION (ECCU) be enjoined from committing fraud by initiating an eviction action against the Plaintiff in any federal or state court.

    d. No sale of the premises will be transacted without the Plaintiff's written consent.

    e. Whatever other relief the Court deems just and appropriate.

Respectfully submitted on this _29th_ day of June 2010,


Robert E. Joyce, In Pro Per
Bishop, Chairman, & Resident Agent
New Jerusalem Deliverance Church
830 Auburn Road
Pontiac, MI 48342
Phone: 248-334-1446

20835  679

 **Metropolitan Title Company · Warranty Deed · *Statutory Form***

***Know All Persons by These Presents:*** That Ido Saltarelli and Ida Saltarelli, his wife as to 1/3 interest, Max A. Maxim and Mary S. Maxim, his as to a 1/3 interest and Alexander Maxim and Carola Maxim, his wife as to a 1/3 interest

whose address is 3269 Shawnee Ct., Waterford, MI  48329

Convey(s) and Warrant(s) to New Jerusalem Deliverance Church

whose address is 1275 S. Woodward, Ste. 106, Bloomfield Hills, MI  48302

the following described premises situated in the City of Pontiac County of Oakland and State of Michigan, to-wit:

Part of Lot 3, ASSESSOR'S PLAT NO. 141, as recorded in Liber 54A of Plats, pages 99 and 99A, Oakland County Records, described as beginning at the Northeast corner of Lot 3; thence South 87 degrees 47 minutes 10 seconds West 628.43 feet; thence South 02 degrees 12 minutes 26 seconds East 230 feet thence North 87 degrees 47 minutes 10 seconds East 440 feet; thence South 02 degrees 12 minutes 26 seconds East 150 feet thence North 87 degrees 47 minutes 10 seconds East 185.20 feet to the East line of Lot 3; thence North 01 degree 43 minutes 10 seconds West to point of beginning, except North 27 feet.

More commonly known as: Auburn & Carriage Circle             54A099

for the full consideration of: One Hundred Four Thousand Three Hundred and 00/100 Dollars ($104,300.00)

subject to:  This deed is delivered pursuant to a certain Land Contract dated September 03, 1996, by and between Sellers and Purchasers, and is subject to the acts or omissions of any persons other than Sellers and/or Assigns from and after the date of the said Land Contract.

Dated this 3rd day of September, 1996

Witnesses:                                          Signed and Sealed:

_____                         _____
John Greenwood                                  Ido Saltarelli

_____                         _____
Scott Conklin                                   Ida Saltarelli

                                                _____
                                                Max A. Maxim

**STATE OF**
**MICHIGAN**     **REAL ESTATE ★**              _____
                 **TRANSFER TAX ★**             Mary S. Maxim
11/29/1999       $114.95  CO ★
104261           $783.75  ST ★                  _____
                           68B3  ★              Alexander Maxim

OAKLAND COUNTY TREASURER'S CERTIFICATE          _____
I HEREBY CERTIFY that there are no TAX LIENS or TITLES    Carola Maxim
held by the state or any individual against the within description
and all TAXES on same are paid for five years previous to the
date of this instrument as appears by the records in the office
except as stated.

NOV 2 0 1999

C. HUGH DOHANY, County Treasurer
Sec. 135, Act 206, 1893 as amended

428433
064869   LIBER ... PAGE  679                    O.K. - KB

Exhibit A

20835    680

State of Michigan
County of Oakland

The foregoing instrument was acknowledged before me this 3rd day of September, 1996 by Ido Saltarelli and Ida Saltarelli, his wife as to 1/3 interest, Max A. Maxim and Mary S. Maxim, his as to a 1/3 interest and Alexander Maxim and Carole Ann Maxim, his wife as to a 1/3 interest

SHERYL K. SILBERSTEIN
Notary Public, Oakland County, MI
My Commission Expires Oct. 18, 1998

My commission expires:

K. SILBERSTEIN
Oakland County, MI
Expires Oct. 18, 1998

_(signature)_ (Notary Public)
County, Michigan

Drafted by: John Greenwood/Broker
29433 Southfield Rd., #200
Southfield, MI  48076

Return to: Robert Joyce
~~1275 S. Woodward, Ste. 106~~
~~Bloomfield Hills, MI  48302~~

---

Recording Fee: $12.00
File No.: CM198340
Tax Parcel No.: 14-34-127-001

State Transfer Tax: $783.75
County Transfer Tax: $114.95

Send Tax Bills To:

_64_

RETURN TO
ROBERT JOYCE
P.O. BOX 430242
PONTIAC, MI
48343

FROM :                          PHONE NO. : 2483341937          Jun. 20 2010 12:56AM P2

LIBER 41779 PG454

9413
LIBER 41779 PAGE   454
$40.00 DEED - COMBINED
$4.00 REMONUMENTATION
01/19/2010 04:11:29 P.M.   RECEIPT$ 4647

PAID    RECORDED - OAKLAND COUNTY
RUTH JOHNSON, CLERK/REGISTER OF DEEDS

RECEIVED
OAKLAND COUNTY
REGISTER OF DEEDS

2010 JAN 19 AM 10: 14

## SHERIFF'S DEED ON MORTGAGE FORECLOSURE SALE

**THIS INDENTURE**, made this 29th day of December, 2009, between Thomas Rabette, a Deputy Sheriff in and for Oakland County, Michigan, and Evangelical Christian Credit Union, of 955 W. Imperial Highway, Brea, CA 92821(hereinafter called the "**Grantee**").

WITNESSETH, That Whereas, New Jerusalem Deliverance Church, a Michigan nonprofit corporation, (hereinafter, "**Mortgagor**") made a certain mortgage to Grantee dated February 1, 2005, which was duly recorded in the office of the Register of Deeds in and for said Oakland County on February 23, 2005 at Liber 35023 Page 629, Oakland County Records (hereinafter "**Mortgage**"); and

The Mortgage contained a power of sale which has become operative by reason of a default in the conditions of the Mortgage and no suit or proceedings at law or in equity have been instituted to recover the debt secured by said mortgage or any part thereof; and

By virtue of said power of sale provided in the Mortgage and pursuant to the statutes of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was posted in a conspicuous place upon the premises described in the Mortgage, that the said premises, or some part of them, would be sold at the Oakland County Courthouse, that being the place of holding the Circuit Court for Oakland County where the premises are situated, on the 29th day of December, 2009;

WHEREAS, pursuant to said notice I did, at ten o'clock in the forenoon, on the 29th day of December, 2009; expose for sale at public venue the lands and tenements hereinafter described, and on such sale did strike off and sell the lands and tenements to the Grantee for the sum of

TWO MILLION SIX HUNDRED TWENTY SEVEN THOUSAND SIXTY THREE AND 30/100 DOLLARS ($2,627,063.30), that being the highest bid therefore and the Grantee being the highest bidder, and

RE FILE

O.K. - L.G.

Exhibit B

FROM :                          PHONE NO. : 2483341937          Jun. 20 2010 12:57AM P3

LIBER41779 PG455

WHEREAS, said lands and tenements are situated in the situated in the City of Pontiac, County of Oakland, and State of Michigan, described as follows, to-wit:

Part of Lot 3, Assessor's Plat No. 141, Section 34, Town 3 North, Range 10 East, City of Pontiac, Oakland County, Michigan, described as beginning at the Northeast corner of Lot 3; thence South 87 degrees 47 minutes 10 seconds West 628.43 feet; thence South 02 degrees 12 minutes 26 seconds East 230 feet; thence North 87 degrees 47 minutes 10 seconds East 440 feet; thence South 02 degrees 12 minutes 26 seconds East 150 feet; thence North 87 degrees 47 minutes 10 seconds East 185.20 feet to the East line of Lot 3; thence North 01 degrees 43 minutes 10 seconds West to point of beginning. EXCEPT the North 27 feet. 54A099

Commonly known as 830 Auburn Road, Pontiac, MI 48342. Tax ID 14-34-127-001

THEREFORE, I, Thomas Rabette, a Deputy Sheriff in and for Oakland County, Michigan, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain and sell unto the Grantee, its successors and assigns, forever, all the estate, right, title and interest which the said Mortgagor had in said land and tenements and every part thereof, on the 29th day of December, or at any time thereafter, to have and to hold the said lands and tenements and every part thereof to the Grantee, its successors and assigns forever, to its sole and only use, benefit and behoove forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could or ought to sell the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, the date and year first above written.

_____
Thomas Rabette
Deputy Sheriff in and for Oakland County, Michigan

STATE OF MICHIGAN     )
                                         ss
COUNTY OF OAKLAND   )

On this 29h day of December, 2009, before me, a Notary Public in and for said County of Oakland, came Thomas Rabette, a Deputy Sheriff in and for Oakland County, Michigan, known to me to be the individual described in and who executed the above conveyance, and who acknowledged that he executed the same to be his free act and deed as such Deputy Sheriff.

MELANIE DEEDS
NOTARY PUBLIC STATE OF MICHIGAN
COUNTY OF OAKLAND
MY COMMISSION EXPIRES MAY 28, 2014
ACTING IN OAKLAND COUNTY

_____ Notary Public
_____ County
Acting in Oakland County, Michigan
My Commission Expires:

**THIS INSTRUMENT IS EXEMPT FROM STATE TRANSFER TAX**
**PURSUANT TO MCL 207.526(v).**
AND COUNTY TRANSFER TAX PURSUANT TO MCL 207.505(c) and (h)

FROM :                          PHONE NO. : 2483341937          Jun. 20 2010 12:57AM P4

LIBER41779 PG456

STATE OF MICHIGAN        )
                         )ss.
COUNTY OF OAKLAND        )

    I DO HEREBY CERTIFY, that the within Sheriff's Deed will become operative at the expiration of six (6) months from the date of such sale, unless determined abandoned in accordance with MCL 600.6241 or MCL 600.3241a, in which case the redemption period shall be thirty (30) days from the date of such sale, unless redeemed according to the law, in such case made and provided.

Thomas Rabette
Deputy Sheriff in and for Oakland County, Michigan

This instrument drafted by
and after recording, return to:

Bradley J. Fisher, Esq.
SCHOLTEN FANT
P.O. Box 454
Grand Haven, MI 49417-0454
(616) 842-3030

FROM :                          PHONE NO. : 2483341937          Jun. 20 2010 12:58AM P5

LIBER 41779 PG457

## AFFIDAVIT OF AUCTIONEER

STATE OF MICHIGAN    )
                     )ss
COUNTY OF OAKLAND    )

     Thomas Rabette, being duly sworn, deposes and says that he is a Deputy Sheriff of said Oakland County; that he acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the printed notice and subsequent adjournment attached as **Exhibit A**; that said sale was opened at 10 o'clock a.m. on the 29th day of December, 2009, at the Oakland County Courthouse, that being the place of holding the Circuit Court in said Oakland County, and said sale was kept open for the space of one hour; that the highest bid for the lands and tenements therein described was the sum of TWO MILLION SIX HUNDRED TWENTY SEVEN THOUSAND SIXTY THREE AND 30/100 DOLLARS ($2,627,063.30) made by Evangelical Christian Credit Union, that said sale was in all respects open and fair; and that he did strike off and sell said lands and tenements to said bidders, which purchased the said lands and tenements fairly, and in good faith, as deponent verily believes.

    *[signature]*

Thomas Rabette
Deputy Sheriff in and for Oakland County, Michigan

Subscribed and sworn to before me this 29th day of December, 2009.

    *[signature]*

_____ Notary Public
_____ County
Acting in Oakland County, Michigan
My Commission Expires:

MELANIE DEEDS
NOTARY PUBLIC STATE OF MICHIGAN
COUNTY OF OAKLAND
MY COMMISSION EXPIRES MAY 28, 2014
ACTING IN OAKLAND COUNTY

FROM :                                    PHONE NO. : 2483341937              Jun. 20 2010 12:58AM P6

LIBER 4 1 7 7 9 PG 4 5 8

## NON-MILITARY AFFIDAVIT

STATE OF MICHIGAN            )
                             )ss
COUNTY OF OTTAWA             )

The undersigned, Bradley J. Fisher, being first duly sworn, deposes and says that upon investigation he is informed and believes that none of those persons named in the Notice of Mortgage Foreclosure and Sale attached as **Exhibit A**, or any person upon whom they or any of them were dependent, were in the military service of the United States at the time of the sale or for six (6) months prior thereto.

Deponent further says that he has made an investigation from which it appears that on the date of the Sheriff's Deed and for three (3) months immediately preceding such sale, the named parties were not in the military services as such is defined in the Soldier's and Sailor's Relief Act of 1940, as amended:

_____
Bradley J. Fisher

Subscribed and sworn to before me, a Notary Public, this 29th day of December, 2009.

_____
Dianne E. Hubbard, Notary Public
Muskegon County, Michigan
Acting in Ottawa County, Michigan
My commission expires: 8/17/2011

FROM :                          PHONE NO. : 2483341937              Jun. 20 2010 12:59AM P7

LIBER 41779 PG459

## NOTICE OF FORECLOSURE

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT; ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU ARE IN ACTIVE MILITARY SERVICE, PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW.**

**DEFAULT** having been made in the conditions of a certain Mortgage made by New Jerusalem Deliverance Church, a Michigan nonprofit corporation, to Evangelical Christian Credit Union, dated February 1, 2005, and recorded in the Office of the Register of Deeds for the County of Oakland and the State of Michigan on February 23, 2005 at Liber 35023 Page 629; on which Mortgage there is claimed to be due as of the date of this Notice the sum of $2,380,081.15, New Jerusalem Deliverance Church having failed to pay the amount due as required on September 10, 2008, is in default; with no other suit or proceeding in law or equity having been instituted to recover the debt or any part thereof secured by the Mortgage, and the power of sale on said Mortgage having become operative by reason of such default:

NOTICE IS HEREBY GIVEN that on Tuesday, December 29, 2009 at 10 o'clock in the fore noon, local time, at 1200 N. Telegraph Road, Pontiac, Michigan, that being the place of holding Circuit Court for the County of Oakland, there will be offered for sale and sold to the highest bidder at public auction for the purposes of satisfying the amount due and unpaid upon such mortgage, together with legal costs and charges and expenses, including allowable attorney fees, taxes, insurance premiums, and other costs allowable under Michigan law paid by Mortgagee before sale, the land and premises in said Mortgage mentioned and situated in the City of Pontiac, County of Oakland, and State of Michigan, described as follows, to-wit:

Part of Lot 3, Assessor's Plat No. 141, Section 34, Town 3 North, Range 10 East, City of Pontiac, Oakland County, Michigan, described as beginning at the Northeast corner of Lot 3; thence South 87 degrees 47 minutes 10 seconds West 628.43 feet; thence South 02 degrees 12 minutes 26 seconds East 230 feet; thence North 87 degrees 47 minutes 10 seconds East 440 feet; thence South 02 degrees 12 minutes 26 seconds East 150 feet; thence North 87 degrees 47 minutes 10 seconds East 185.20 feet to the East line of Lot 3; thence North 01 degrees 43 minutes 10 seconds West to point of beginning. EXCEPT the North 27 feet.

Commonly known as 830 Auburn Road, Pontiac, MI 48342. Tax ID 14-34-127-001

The redemption period, pursuant to law, is six (6) months from the time of such sale in accordance with MCLA 600.3140.

Evangelical Christian Credit Union
For more information, please call 616/842-3030
Scholten Fant, Bradley J. Fisher
100 North Third Street; P.O. Box 454
Grand Haven, Michigan 49417-0454

Publication Dates: November 27, December 4, 11, 18, 2009

CERTIFIED AS A TRUE COPY. : _____
                          Bradley J. Fisher (P64608) 11/27/2009

FROM :                          PHONE NO. : 2483341937          Jun. 20 2010 12:59AM P8

LIBER41779 PG460
AFFIDAVIT OF PUBLICATION

**New Jerusalem**

NOTICE OF FORECLOSURE THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT, ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU ARE IN ACTIVE MILITARY SERVICE, PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW.DEFAULT having been made in the conditions of a certain Mortgage made by New Jerusalem Deliverance Church, a Michigan nonprofit corporation, to Evangelical Christian Credit Union, dated February 1, 2005, and recorded in the Office of the Register of Deeds for the County of Oakland and the State of Michigan on February 23, 2005 at Liber 35023 Page 829; on which Mortgage there is claimed to be due as of the date of this Notice the sum of $2,592,358.26, New Jerusalem Deliverance Church having failed to pay the amount due as required on September 10, 2008, is in default; with no other suit or proceeding in law or equity having been instituted to recover the debt or any part thereof secured by the Mortgage, and the power of sale on said Mortgage having become operative by reason of such default.NOTICE IS HEREBY GIVEN that on Tuesday, December 29, 2009 at 10 o'clock in the fore noon, local time, at 1200 N. Telegraph Road, Pontiac, Michigan, that being the place of holding Circuit Court for the County of Oakland, there will be offered for sale and sold to the highest bidder at public auction for the purposes of satisfying the amount due and unpaid upon such mortgage, together with legal costs and charges and expenses, including allowable attorney fees, taxes, insurance premiums, and other costs allowable under Michigan law paid by Mortgagee before sale, the land and premises in said Mortgage mentioned and situated in the City of Pontiac, County of Oakland, and State of Michigan, described as follows, to-wit:Part of Lot 3, Assessor's Plat No. 141, Section 34, Town 3 North, Range 10 East, City of Pontiac, Oakland County, Michigan, described as beginning at the Northeast corner of Lot 3; thence South 87 degrees 47 minutes 10 seconds West 626.43 feet; thence South 02 degrees 12 minutes 26 seconds East 230 feet; thence North 87 degrees 47 minutes 10 seconds East 440 feet; thence South 02 degrees 12 minutes 26 seconds East 150 feet; thence North 87 degrees 47 minutes 10 seconds East 186.20 feet to the East line of Lot 3; thence North 01 degrees 43 minutes 10 seconds West to point of beginning. EXCEPT the North 27 feet Commonly known as: 630 Auburn Road, Pontiac, MI 48342. Tax ID 14-34-127-001The redemption period, pursuant to law, is six (6) months from the time of such sale in accordance with MCLA 600.3140. Evangelical Christian Credit UnionFor more information, please call 616/643-3030Scholten Fant, Bradley J. Fisher100 North Third Street, P.O. Box 454Grand Haven, Michigan 49417-0454(11-27)(12-18)

(Affidavit of Publisher)

STATE OF MICHIGAN,
                           §S.
COUNTY OF OAKLAND

Pushpa Jayaprakash, an employee of the publisher of Oakland County Legal News, having knowledge of the facts, being duly sworn deposes and says that a notice, a true copy of which is annexed hereto, was published in Oakland County Legal News, a newspaper printed and circulated in said Oakland County on November 27, December 4, December 11, December 18, 2009 A.D.

Pushpat

Pushpa Jayaprakash

Subscribed and sworn before me on this 18th day of December 2009 A.D.

Christine Jacobs

Notary Public Oakland County, Michigan.  My commission expires: February 24, 2013. Acting in Oakland County, Michigan.

Attorney Office:   Scholten, Fant OC05753
Attorney File#:
Notice#:            702346

FROM :                          PHONE NO. : 2483341937          Jun. 20 2010 01:00AM P9

LIBER41779 PG461

**EVIDENCE OF SALE**

(Affidavit of Posting)

STATE OF MICHIGAN
ss.
COUNTY OF OAKLAND

Mark Zobel  being duly sworn, deposes that on the 3rd day of December, 2009 A.D,  he/she posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to  the front door.

_(signature)_

Mark Zobel

Subscribed and sworn before me on this 11th day of December 2009 A.D.

_(signature)_

Deborah L. Elick

Notary Public Wayne County, Michigan.  My commission expires: November 19, 2013 .  Acting in Oakland County, Michigan.

NOTICE OF FORECLOSURE THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT; ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.  IF YOU ARE IN ACTIVE MILITARY SERVICE, PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW.DEFAULT having been made in the conditions of a certain Mortgage made by New Jerusalem Deliverance Church, a Michigan nonprofit corporation, to Evangelical Christian Credit Union, dated February 1, 2005, and recorded in the Office of the Register of Deeds for the County of Oakland and the State of Michigan on February 23, 2005 at Liber 35023 Page 623; on which Mortgage there is claimed to be due as of the date of this Notice the sum of $2,592,356.25, New Jerusalem Deliverance Church having failed to pay the amount due as required on September 10, 2008, is in default; with no other suit or proceeding in law or equity having been instituted to recover the debt or any part thereof secured by the Mortgage, and the power of sale on said Mortgage having become operative by reason of such default.NOTICE IS HEREBY GIVEN that on Tuesday, December 29, 2009 at 10 o'clock in the fore noon, local time, at 1200 N. Telegraph Road, Pontiac, Michigan, that being the place of holding Circuit Court for the County of Oakland, there will be offered for sale and sold to the highest bidder at public auction for the purposes of satisfying the amount due and unpaid upon such mortgage, together with legal costs and charges and expenses, including allowable attorney fees, taxes, insurance premiums, and other costs allowable under Michigan law paid by Mortgagee before sale, the land and premises in said Mortgage mentioned and situated in the City of Pontiac, County of Oakland, and State of Michigan, described as follows, to-wit:Part of Lot 3, Assessor's Plat No. 141, Section 34, Town 3 North, Range 10 East, City of Pontiac, Oakland County, Michigan, described as beginning at the Northeast corner of Lot 3; thence South 87 degrees 47 minutes 10 seconds West 628.43 feet; thence South 02 degrees 12 minutes 26 seconds East 230 feet; thence North 57 degrees 47 minutes 10 seconds East 440 feet; thence South 02 degrees 12 minutes 26 seconds East 150 feet; thence North 87 degrees 47 minutes 10 seconds East 188.20 feet to the East line of Lot 3; thence North 01 degrees 43 minutes 10 seconds West to point of beginning. EXCEPT the North 27 feet.Commonly known as 830 Auburn Road, Pontiac, MI 48342. Tax ID 14-34-127-001The redemption period, pursuant to law, is six (6) months from the time of such sale in accordance with MCLA 600.3140. Evangelical Christian Credit UnionFor more information, please call 616/842-3030Scholten Fant, Bradley J. Fisher100 North Third Street; P.O. Box 454Grand Haven, Michigan 49417-0454(11-27)(12-18)

CIRCLE IF                Vacant

Multi-Unit    Upper Unit    Lower Unit

Multi-Addr    Unit 1    Unit 2    Unit A    Unit B

Condo        Mobile/Manufactured Home .   No Dwelling

Attorney Office:  Scholten, Fant OC05753

Attorney File#

Notice ID#    702346

LIBER41779 PG462

### REDEMPTION AFFIDAVIT

STATE OF MICHIGAN          )
                           ) ss
COUNTY OF OTTAWA           )

Bradley J. Fisher, being first duly sworn, deposes and says:

1.      That he is the duly authorized attorney for Evangelical Christian Credit Union, and has personal knowledge of the facts set forth herein.

2.      This affidavit is being filed to declare the redemption amount in relation to the following described property located in the City of Pontiac, County of Oakland, and State of Michigan, described as follows, to-wit:

> Part of Lot 3, Assessor's Plat No. 141, Section 34, Town 3 North, Range 10 East, City of Pontiac, Oakland County, Michigan, described as beginning at the Northeast corner of Lot 3; thence South 87 degrees 47 minutes 10 seconds West 628.43 feet; thence South 02 degrees 12 minutes 26 seconds East 230 feet; thence North 87 degrees 47 minutes 10 seconds East 440 feet; thence South 02 degrees 12 minutes 26 seconds East 150 feet; thence North 87 degrees 47 minutes 10 seconds East 185.20 feet to the East line of Lot 3; thence North 01 degrees 43 minutes 10 seconds West to point of beginning. EXCEPT the North 27 feet.

> Commonly known as 830 Auburn Road, Pontiac, MI 48342. Tax ID 14-34-127-001

3.      On or about February 1, 2005, a mortgage was executed between New Jerusalem Deliverance Church, a Michigan nonprofit corporation and Evangelical Christian Credit Union, to secure a promissory note in the amount of $2,410,000.00. The mortgage was duly recorded in the office of the Register of Deeds in and for said Oakland County on February 23, 2005 at Liber 35023 Page 629, Oakland County Records.

4.      Said mortgage is currently held by Evangelical Christian Credit Union.

5.      Said mortgage was scheduled for foreclosure on December 29, 2009, for $2,627,063.30.

6.      Redemption must include $2,627,063.30, plus interest at the rate of 8.0%, at a per diem amount of $575.79; plus additional expenses for taxes, redemption of senior liens (if any), condominium assessments (if any), homeowner assessments (if any), community association assessments (if any), or premiums for insurance policies and redemption servicing fee. **An authorized computation of the above can be received only from the designee listed below.**

7.      Evangelical Christian Credit Union hereby appoints Scholten Fant, a professional corporation, as its designee and pursuant to MCL 600.3240 declares that a computation of the amount to redeem done

LIBER 41779 PG 463

by any other than Scholten Fant, a professional corporation is subject to the designee's audit of said computation and such redemption funds are subject to rejection. Any redemption made without a written, current computation provided by Scholten Fant, a professional corporation, will be subject to audit and potential subsequent rejection of said funds.

8.    A written, official computation of the redemption amount will be prepared by Scholten Fant, a professional corporation within a reasonable period of time for any and all who request such a computation.

TO ORDER A REDEMPTION COMPUTATION CALL:
SCHOLTEN FANT, A PROFESSIONAL CORPORATION
ATTN: New Jerusalem Deliverance Church, MORTGAGE REDEMPTION DEPARTMENT
P.O. BOX 454
GRAND HAVEN, MI 49417-0454
(616) 842 3030

9.    ATTENTION REGISTER OF DEEDS:   DO NOT ACCEPT REDEMPTION FUNDS WITHOUT A WRITTEN, CURRENT REDEMPTION COMPUTATION FROM SCHOLTEN FANT, A PROFESSIONAL CORPORATION. Acceptance of funds without a written, current computation provided by Scholten Fant, a professional corporation, will be subject to audit and potential subsequent rejection of the redemption funds.

10.    The attached Sheriff's Deed will become operative at the expiration of the redemption period, June 29, 2010, unless said date falls on a weekend, in which case any redeeming party will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCL 600.3241a, in which case the redemption period will be 30 days from the date of sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 months from the date of recording.

Further this affiant sayeth not.

_____
Bradley J. Fisher
Attorney for Evangelical Christian Credit Union

Subscribed and sworn to me this 4th day of January, 2010, by Bradley J. Fisher, attorney for   Evangelical Christian Credit Union

_____
Dianne E. Hubbard, Notary Public
Muskegon County, Michigan
Acting in Ottawa County, Michigan
My commission expires: 8/17/2011

Drafted by and after recording return to:

Bradley J. Fisher, Esq.
SCHOLTEN FANT
P.O. Box 454
Grand Haven, MI 49417-0454
(616) 842-3030

LIBER4 1 779 PG464

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In Re:

THE NEW JERUSALEM,
DELIVERANCE CHURCH

              Debtor.

Case No. 09-54891

Chapter 11
Honorable Marci B McIvor

## ORDER LIFTING THE AUTOMATIC STAY

WHEREAS, Evangelical Christian Credit Union ("ECCU") by its attorneys, Scholten Fant,

P.C., filed a motion for entry of an order modifying the automatic stay in order to allow ECCU to

proceed with its mortgage foreclosure sale in Oakland County, Michigan, against certain real

property owned by the Debtor commonly known as 830 Auburn Road, Pontiac, Michigan,

48342, legally described as certain real property located in the City of Pontiac, County of

Oakland and State of Michigan:

> Part of Lot 3, Assessor's Plat No. 141, Section 34, Town 3 North, Range 10 East, City of Pontiac, Oakland County, Michigan, described as beginning at Northeast corner of Lot 3; thence South 87 degrees 47 minutes 10 seconds West 628.43 feet; thence South 02 degrees 12 minutes 26 seconds East 230 feet; thence North 87 degrees 47 minutes 10 seconds East 440 feet; thence South 02 degrees 12 minutes 26 seconds East 150 feet; thence North 87 degrees 47 minutes 10 seconds East 185.20 feet to East line of Lot 3; thence North 01 degree 43 minutes 10 seconds West to point of beginning. EXCEPT the North 27

                              (the "Property")

WHEREFORE, the automatic stay is hereby modified to allow ECCU to proceed with its

remedies under state law and otherwise lifting the automatic stay to allow ECCU to continue its

foreclosure by advertisement of the Property.

IT IS SO ORDERED.

Signed on November 12, 2009

                            /s/ Marci B. McIvor

                            Marci B. McIvor
                            United States Bankruptcy Judge

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

County in which action arose *Oakland*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*New Jerusalem Deliverance Church*

## DEFENDANTS

*Thomas Rabette, Michael Ja. Bouchard, Oakland County, et al*

(b) County of Residence of First Listed Plaintiff *Oakland*
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant *Oakland*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

*In Pro Per*

(c) Attorney's (Firm Name, Address, and Telephone Number)
*Robert E. Joyce, New Jerusalem Deliverance Church, 830 Auburn Rd., Pontiac, MI 98342*

Attorneys (If Known) *unknown*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

Case:2:10-cv-12566
Judge: Cleland, Robert H
MJ: Majzoub, Mona K
Filed: 06-29-2010 At 03:54 PM
CMP NEW JERUSALEM DELIVERNACE CHURC H V. RABETTE ET AL (DA)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

#### PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

#### PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

#### PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*42 U.S.C. 1983*

Brief description of cause:
*Sheriff sale conducted by person not properly appointed.*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ *2,000,000 Plus*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE *6/29/2010*

SIGNATURE OF ATTORNEY OF RECORD *Joe Cole volunteer for the church*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☐ Yes
    ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.  Other than stated above, are there any pending or previously
    discontinued or dismissed companion cases in this or any other     ☐ Yes
    court, including state court? (Companion cases are matters in which ☒ No
    it appears substantially similar evidence will be offered or the same
    or related parties are present and the cases arise out of the same
    transaction or occurrence.)

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :