**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NEW JERUSALEM DELIVERANCE CHURCH,

    Plaintiff,

v.                                         Case No. 10-12566

THOMAS RABETTE, et al.,

    Defendants.
                                            /

**ORDER DENYING MOTION FOR RECONSIDERATION, MOTION FOR LEAVE TO AMEND THE COMPLAINT, AND EX-PARTE EMERGENCY MOTION FOR TEMPORARY STAY PENDING APPEAL**

On May 3, 2011, Plaintiff filed a "Motion for Reconsideration, Motion for Leave to Amend the Complaint with Proposed Amended Complaint, and Ex-Parte Emergency Motion for Temporary Stay Pending Appeal." The court therefore construes the filing as presenting three separate motions. All will be denied.

A motion for reconsideration will only be granted where the movant "demonstrate[s] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and where "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

The reconsideration standard sets a high bar, and Plaintiff has not met it here. Plaintiff asks the court to reconsider its April 20, 2011, opinion and order denying Plaintiff's motions for extension of time and for discovery, granting summary judgment,

and dismissing Count Two without prejudice, and its April 29, 2011, order striking Plaintiff's response, granting summary judgment in favor of nonmovant Evangelical Christian Credit Union ("ECCU"), and dismissing Count Two without prejudice. In its motion, Plaintiff presents two arguments directed toward reconsideration. First, Plaintiff characterizes the April 29, 2011, order thus: "The Court cites prejudice to Defendant ECCU as grounds for granting summary judgment on Count One but allowing the supplemental state law claim of quiet title to be dismissed without prejudice." (Mot. Br. 5.) Plaintiff contends that this "reasoning is not persuasive because [the] factual basis of Count One is so intimately intertwined with the factual basis of Count Two that the granting of summary judgment on the merits of Count One risks subjecting Plaintiff to collateral estoppel . . . ." (*Id.*)

Second, Plaintiff focuses on the procedural posture of this case as contrasted to that in *Northrip v. Federal National Mortgage Association*, 527 F.2d 23 (6th Cir. 1975), the controlling case that led to the grant of summary judgment. Plaintiff argues that the Sixth Circuit in that case "did not affirm a grant of summary judgment." (*Id.*) Further, Plaintiff asserts that *Northrip* does not bar Plaintiff from amending its complaint. (*Id.*)

Plaintiff has not presented any defect, much less a palpable defect. No matter how "intertwined" the facts underlying each count are, the court granted summary judgment for all Defendants because *Northrip* controlled Plaintiff's federal claim. Further, the differing procedural postures of this case and *Northrip* do not affect that case's holding that there is no state action involved in the execution of the procedures set forth in Michigan's foreclosure by advertisement statute, Mich. Comp. Laws

§ 600.3201-.3285.  The court was therefore bound to grant Defendants' motion. Without a federal claim, the court discretionarily determined that supplemental jurisdiction should not be exercised over the quiet title claim.  (4/20/11 Op. and Order 8-10.)  In addition, the court found that it would not be in the interest of justice to allow Plaintiff to amend its complaint at this late stage.  (*Id.* at 7-8.)

It is clear from Plaintiff's motion that Plaintiff disagrees with the court's rulings. But Plaintiff has not presented any argument not previously ruled on, nor has Plaintiff pointed to a "palpable defect by which the court . . . [has] been misled."  E.D. Mich. LR 7.1(h)(3).  Therefore, there is no basis to grant Plaintiff's motion for reconsideration.

Plaintiff's filing also presents a motion for leave to amend the complaint.  That motion will be denied for reasons already stated.  (*See* 4/20/11 Op. and Order 7-8.)

Finally, Plaintiff moves for "an ex-parte emergency stay to prevent Defendant ECCU from using the invalid sheriff deed [sic] as grounds to evict Plaintiff from the disputed property."  (Mot. Br. 6.)  Plaintiff requests a stay of a state-court eviction action pending an appeal of this ruling.

As an initial matter, the court is skeptical of its power to enjoin or stay a civil state-court foreclosure proceeding.  *See Juidice v. Vail*, 430 U.S. 327 (1977) (applying doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), to federal case seeking to enjoin civil state-court action where the government is not a party).  However, even if the court has the power to stay the foreclosure action, the court would not be inclined to exercise it here.

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration, motion for leave to amend the complaint, and ex-parte emergency motion for temporary stay pending appeal [Dkt. # 62] is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: May 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 24, 2011, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522